UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIE D. MCNEICE,

      Plaintiff,

      v.                                Case No. 22-cv-308-bhl

MILWAUKEE POLICE DEPARTMENT, et al.,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Willie D. McNeice, who is currently in custody at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983 alleging that his civil rights were violated. This matter comes before the Court on McNeice's motion for leave to proceed without prepaying the full filing fee and for screening of the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

McNeice has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). McNeice has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $36.00. The Court will grant McNeice's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

McNeice is an inmate at the Milwaukee County Jail. Dkt. No. 1. Defendants are the Milwaukee Police Department and the State of Wisconsin. *Id*. On December 24, 2021, Milwaukee police officer Rodenkirch (not a defendant) and two other unknown police officers (not defendants) went to 4601 N. 45th in response to an unknown phone call reporting an argument between McNeice and his mother. *Id*. at 2. One of the officers took the mother's car keys, went to her car, and "illegally possessed her firearm." *Id*. at 2-3. McNeice says that the officers were "armed with [an] assault rifle" and that they "threatened [him] unfairly." *Id*. at 2. McNeice states that, although he had no access to his mother's car, he was arrested and charged with Felon in Possession of a Firearm and Robbery with Use of Force. *Id*. at 2-3. At the time of arrest, the officers conducted a pat-down and found nothing. *Id*. at 3.

After McNeice arrived at the police station, however, drugs fell out of his pocket. *Id*. McNeice believes that these drugs were planted on him during the initial pat-down search because he was never charged with possession of drugs. *Id*. McNeice also notes that no one read him his Miranda rights while at the police station. *Id*. He states that he was at the police station until December 29, 2021. *Id*. At some point during that time, someone "jumped on [his] back" while handcuffing him. *Id*. This caused significant pain because McNeice already had an injury. *Id*. at 3-4. For relief, McNeice seeks monetary damages and termination of the officers. *Id*. at 4-5.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this

deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Court will dismiss this case. First, neither the Milwaukee Police Department nor the State of Wisconsin are proper defendants under §1983. *See Averhart v. City of Chicago*, 114 Fed. Appx. 246, 247 (7th Cir. 2004) (explaining that a police department is not a suable entity separate from the city); *see also Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) ("[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983."). McNeice names no other defendants, so he fails to state a claim.

Second, even if McNeice had named individual police officers who might be proper defendants, his complaint improperly attempts to raise two unrelated claims in the same lawsuit. Read generously, McNeice alleges facts that might suggest a Fourth Amendment wrongful arrest claim/fabrication of evidence claim with respect to the arresting officers. He also alleges facts that might support a Fourteenth Amendment excessive force claim with respect to a different officer at the police station following the arrest. These claims belong in different lawsuits because multiple defendants can be joined in a single case only if at least one claim against each defendant arises out of the same events or incidents; and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 18(a); Fed. R. Civ. P. 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Here, the claims involve different operative facts and different defendants.

The Court will give McNeice an opportunity to file an amended complaint to cure the deficiencies noted above. Specifically, McNeice should pick one out of the two claims noted above. The caption of the amended complaint should name proper defendants (i.e. specific

4

individuals). The body of the amended complaint should include specific facts such as: who was involved, what happened, when it happened, how it happened, and why it happened. If McNeice does not know the names of the people involved, he can describe them as John Doe #1, John Doe #2, John Doe #3, etc. If McNeice also wishes to pursue the other claim, he must file a second lawsuit.

The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require McNeice to use that form to file his amended complaint. *See* Civil L. R. 9 (E.D. Wis.). If McNeice believes he needs more space than is available in blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than ten pages total.

McNeice is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If McNeice files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If McNeice does not file an amended complaint, the Court will likely dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that McNeice's motion for leave for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

5

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** because it fails to state a claim. McNeice may file an amended complaint that complies with the instructions in this order by **July 6, 2022**. If McNeice files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If McNeice does not file an amended complaint by the deadline, the Court will likely dismiss this case.

The Court includes with this order a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" and a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of McNeice shall collect from his institution trust account the **$314.00** balance of the filing fee by collecting monthly payments from McNeice's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McNeice is transferred to another institution, the transferring institution shall forward a copy of this Order along with McNeice's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

McNeice is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on June 6, 2022.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge